OPINION OF THE COURT
Robert W. Henning, J.
The defendant, Marcia G. Seide, was charged by Trooper Edward T. Kiluk of the New York State Police on December 28, *396 2003 with two misdemeanors under the New York State Vehicle and Traffic Law. The charges were violations of section 1192 (3), driving while intoxicated, and section 1192 (2), driving with a blood alcohol content of more than .08%. Defendant agreed to submit to a breath test to determine the level of alcohol in her blood. The test was administered by Trooper Daniel Lasky of the New York State Police at the State Police Substation, Owego, New York, utilizing the Draeger Alcotest 7110 MKIII. The results of said test indicated a blood alcohol content (BAG) of .21%.
On June 16, 2004, the defendant served an omnibus motion, demand pursuant to GPL 240.20, memorandum of law in support of motion and an affidavit of service. The People’s response to the omnibus motion was filed on June 30, 2004 and the court scheduled oral arguments for July 7, 2004. On the July 7, 2004 date, the parties stipulated that all except two motions from the omnibus motion had been resolved. The unresolved motions were: (1) motion to suppress any statements made by the defendant at time of arrest (both parties agreed that a Huntley hearing be held to determine the admissibility of any statements made by the defendant), and (2) motion to suppress the results of the breath test administered to the defendant.
The defendant’s motion to suppress the breath test results allege that the instrument used, the Draeger Alcotest 7110 MKIII, was “based upon scientific unreliability of such test due to the use of a device not widely and generally accepted within the community and/or the State of New York, and/or for which scientific reliability had not been established.” In support of the motion, the defendant cited People v Mickle (187 Misc 2d 718, 722 [2001]), specifically, “While one might think an inherent superiority would exist in such advanced technology, that cannot be assumed. History is replete with examples of new technology which was widely heralded at the time of its introduction, but later proved to be fatally flawed.” Although the breath test of the Draeger was suppressed in Mickle, it was not suppressed due to the alleged unreliability of the Draeger in general but rather due to the lack of calibration of the particular Draeger utilized in Mickle. The defendant further moved to hold a Frye hearing to determine the scientific reliability of the Draeger. The People requested an opportunity to further research and respond, and with no objection from the defendant the court granted a two-week adjournment.
The People’s response was filed on July 13, 2004. The response asserts that the Draeger is on the list of instruments ap *397 proved by the New York State Department of Health (DOH) and on a list of devices approved by the Federal Department of Transportation/N ational Highway Traffic Safety Administration. The People cite People v Hampe (181 AD2d 238, 240 [3d Dept 1992]):
“With respect to testing by standard breathalyzer devices, New York courts have concluded that general acceptance by the scientific community had been sufficiently established so as to obviate the necessity of submitting evidence of the reliability of the test in every case ... In our view, the general acceptance of the reliability and accuracy of the test results of the BAG Verifier, sufficient to dispense with the foundational evidence thereof through expert testimony, was established by reason of the specific inclusion of the BAG Verifier in the list of breath-testing instruments approved by DOH in regulations promulgated pursuant to Vehicle and Traffic Law § 1194 (4) (c) (see, 10 NYCRR 59.4 [b] [i]).”
Hampe further held (at 241) that, “Absent the submission of evidence casting doubt upon the accuracy or reliability of the BAG Verifier test, it is our conclusion that, consistent with the purpose of Vehicle and Traffic Law § 1194 (4) (c), the device’s acceptance by DOH and the Federal Department of Transportation/National Highway Traffic Safety Administration is sufficient to dispense with expert testimony of the accuracy and reliability of the test in establishing a foundation for the admissibility of the BAG Verifier test results.”
The defendant has not submitted any evidence in his motion that would cast doubt on the accuracy or reliability of the Draeger. The court therefore must rely on Vehicle and Traffic Law § 1194 (4) (c) and the list of breath-testing devices approved by the DOH which has already determined the accuracy and reliability of the instrument in question. The court did find that Mickle was decided on another issue that is not before this court and that Hampe addressed the issue of the reliability and accuracy of breath-testing instruments on the DOH approved list. There is no need nor any legal basis to conduct a Frye hearing in this matter.